### RAWDON v. CORBIN.

In an affidavit for an order to publish a summons against an absent Defendant, the affidavit should state that *a summons and complaint have been made out, and that due diligence to serve the same has been used without success.* The affidavit should also state that *a cause of action exists, and that the Defendant is a resident of the state, or has property therein.*

*January* 22, 1849. Before Mr. Justice HAND, at his chambers in Elizabethtown.—F. A. HUBBELL moved upon an affidavit, showing the existence of the claim and absence of the Defendant from the state, and that he had real estate in this state, for an order to publish a summons. The affidavit particularly set forth a cause of action, but did not state that a summons had been made out, nor that there had been an effort to serve one, nor did the draft of the order proposed recite this.

HAND, Justice.—The affidavit is defective. It should show that a summons and complaint have been made out, and that due diligence to serve the same has been used without success. Probably showing that the Defendant is not in the state, would be sufficient, for that shows there can be no service within the state. The affidavit must also show that a cause of action exists, and that the Defendant is a resident of the state, or has property therein. It seems that it is sufficient that Defendant has property in the state and cannot be found within it. The effect of a judg-

ment obtained by service by publication does not come in question on this motion. (§§ 114, 236–7, and 328.) It is safer, too, to have the order to publish the summons, recite the summons, or refer to it as being annexed. The order should show that there was a summons, and identify it. Ordering a summons to be published, in anticipation of one being made out, would not connect them on the record except by reference to the claim, which is unsafe. It is " the " summons which is to be published.