## SUPREME COURT.

### VERNAM agt. HOLBROOK.

The statute does not expressly require the filing of the affidavits on which an order is made for publication in case of a non resident defendant; and where the affidavits filed were defective, and it appeared there was another sufficient affidavit used before the judge on procuring the order which had not been filed, a motion to set aside the order was denied.

In such proceedings, the fact of non residence is evidence that the defendant can not, after due diligence, be found within this state.

*Albany Special Term, August* 1850. This was a motion to set aside an order for service of a summons by publication, made under § 135 of the Code, on the ground that it had been allowed on insufficient affidavits. The facts and the objections made, appear sufficiently in the opinion of the court,

N. HILL, JR., *for Defendant*,

J. K. PORTER, *for Plaintiff*.

Vernam agt. Holbrook.

PARKER, Justice.—Two affidavits were annexed to and filed with the order for publication. It would naturally be supposed that the order was made on those affidavits, though the order does not refer to them. These affidavits are insufficient, inasmuch as they do not show that the plaintiff's cause of action arose on contract, and it is at least doubtful whether they show sufficiently that the defendant has property in this state. But the plaintiff's attorney now produces another affidavit, which purports to have been sworn to on 4th June last, two days before the order was made and filed, and which he swears was used before the judge for the purpose of obtaining the order. In this affidavit both the above mentioned defects are supplied.

The Code does not expressly require that the affidavits shall be filed, nor does it provide what shall be done with them. It is the practice, either to leave them with the judge or to file them. It does not appear who has had the custody of this affidavit since it was used before the judge, on obtaining the order. It is certainly singular that but two of the three affidavits should be annexed to and filed with the order; but there being no statutory provisions for the custody of the affidavits, and the statement of the attorney that the third affidavit was used before the judge for the purpose of obtaining the order, being uncontradicted, I think I am bound to regard it as a part of the foundation for the order.

This proceeding is authorized when it shall appear that the defendant can not, after due diligence, be found within this state (*Code*, § 135). The meaning of that section is not clearly expressed; but I do not think it was intended that an attempt must first be made to serve process where the defendant is a non resident. That would seem only to be requisite where the defendant keeps himself concealed within this state. The fact of non residence is evidence that the defendant could not, after due diligence, be found within this state, and so it was held in Rawdon vs. Corbin (3 *How. Pr. R.*, 416).

The motion must be denied, but the defendant being misled by the filing of only two of the affidavits, no costs are allowed.